FILED
November 30, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No. 03-15-00438-CV

IN THE COURT OF APPEAL FOR
THE THIRD JDICAL DISTRICT
AUSTIN, TEXAS

**Vincent Wrencher Sr.**
**Skip Wrencher (Canine)**

Appellants

v.

**State of Texas**
**City of Austin**

Appellees

ON APPEAL FROM THE 261st DISTRICT COURT, TRAVIS COUNTY,
TEXAS
TRAIL COURT CAUSE NO C-1-CR-14-100040

**APPELLANT'S BRIEF**
**VINCENT WRENCHER**

Respectfully submitted,

Vincent Wrencher Sr., Pro se
1117 Briargate
Austin, Texas 78753
vwrencher@yahoo.com
512-773-2777

RECEIVED
NOV 3 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE


# IDENTITY OF PARTIES AND COUNSEL

Appellants

Vincent Wrencher, Pro Se and Skip Wrencher, canine

Appellees
City of Austin Texas and Travis County, Texas

Witnesses for Appellees
Animal Control Officer Dave Ackerman
Christopher Valle
Natalie Cervantes-Valle

Counsel for Appellees

City of Austin
Ms. Lea Downey
Assistant City Attorney
700 E. 7th street
Austin, Texas 78701

Travis County
Ms. Ingrid Ellerbee
Travis County Attorney
PO Box 1748
Austin, TX 78767

# TABLE OF CONTENTS

INDEX OF AUTHORITIES      4

STATEMENT OF THE CASE      5

ISSUE PRESENTED      6

STATEMENT OF FACTS      7

SUMMARY OF THE ARGUMENT      8

     Argument 1: Inadmissible Evidence      9

     Argument 2: Lack of Evidence to support Claim      12

     Argument 3: Latches      12

     Argument 4: Creditability of the Witness      14

     Argument 5: Skip's interactions within the community      14

     Argument 6: Right to a Fair and Just hearing      16

     Argument 7: Plain text of the statute      17

     Argument 8: Travis County Motion for New trial      20

PRAYER      22

CERTIFICATE OF SERVICE      23

APPENDIX

# INDEX OF AUTHORITIES

## CASES

United States v. Vest, 116 F.3d 1179, 1188 (7th Cir. 1997)     10

Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195     19

## STATUES AND RULES

Chapter 822 of the Texas Health and Safety     7, 16-20

Federal Rule of Evidence     10

Federal Rule of Evidence     11

Tex. Civil Prac. & Rem. Code Ann. §51.014(a)     19

Fifth Amendment of U.S. Constitution     21

NO 03-15-00438-CV

| | | |
|---|---|---|
| **VINCENT WRENCHER SR.,** | § | |
| **SKIP WRENCHER (Canine)** | § | **IN THE APPELLATE COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **VS** | § | **THIRD JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **THE STATE OF TEXAS** | § | **STATE OF TEXAS** |
| **Defendant** | § | |

## APPELLANT'S BRIEF

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Vincent Wrencher files this brief and would respectfully show this Honorable Court the following:

## STATEMENT OF THE CASE

In this appeal, Appellant asks this Court to reverse the Administrative hearing ruling and grant Appellant request for a new trail baring any inadmissible evidence. Appellant has a constitutional right to a fair trial. On March 19, 2014,

an unfair Administrative hearing was held by hearing officer Brad Norton who allowed inadmissible evidence and testimony. This evidence and testimony dominated the hearing and its ruling. The relief sought is another hearing with only relevant evidence and testimony.

## ISSUE PRESENTED

1. Did the both the Administrative hearing and the Municipal Court err when they ruled that Skip is a dangerous dog when all of the elements of the code were not met?

2. Whether the fact that a previous denied vicious dog claim serve as motive to create a fictious biting claim?

3. Whether the testimony of angry neighbor is enough to sustain a dangerous dog claim without any other evidence?

4. Whether the credibility of this one witness is a factor to be considered?

5. Did the Administrative hearing officer err when he allow Ms. Valle to testify about a dangerous dog when she was not present at the allege biting of Mr. Valle and at the incident involving both Appellant's dog and the neighbor's dog?

6. Whether the fact that the Municipal Court barring of Ms. Valle from testifying supports Appellant argument that Ms. Testimony and the evidence she brought was inadmissible at the Administrative hearing?

7. Did the Administrative hearing officer err when he consider evidence of a fence not involved in the allege incident before the court?

8. Did the Administrative hearing officer err when he did not adhere to the Motion at Limine granted at the start of the hearing?

9. Did the Administrative hearing offer err when it asked question on the fence not involve in the issue before the court and no question on the issue before the court?

10. Did the Administrative hearing officer err when it conclude that Skip knocked out 10 picket from Appellant response to its question, that Skip knock out 1 or 2 picket per year?

11. Did the City of Austin Municipal court err when it did not examine the effect inadmissible evidence on the previous ruling? In this hearing, the Municipal court enforced the Motion in Limine and inadmissible evidence was not admitted?

12. Did the admission of inadmissible evidence in the Administrative hearing create a higher burden to overcome in the Municipal Court to overcome for a fair and just trial?

13. Did Travis County err in not hearing the case when it has jurisdiction to hear the appeal

14. Did Travis County err in conduct an ex Parte hearing without notice of the hearing given to Appellant?

15. Whether the delay in an allege biting proved prejudious to the defense of the incident?

16. Whether Dangerous Dog Code is a conciliation code if Vicious Dog Code does not apply?

# STATEMENT OF FACTS

On March 19, 2014, an Administrated hearing was held by hearing officer Brad Norton of Austin/Travis County. The hearing was whether Appellant's dog Skip was a dangerous dog under Chapter 822 of the Texas Health and Safety. Appellant Vincent Wrencher was presence and gave testimony; Christopher Valle, Natalie Cervantes-Valle and the city of Austin animal control officer Dave

Ackerman were presence for the other side and gave testimonies. Evidence was presented on a fence. The hearing officer ruled that Skip was a dangerous dog.

On May 9, 2014, City of Austin Municipal Court held a hearing. Appellant Vincent Wrencher was presence; Christopher Valle, Natalie Cervantes-Valle and the city of Austin animal control officer Dave Ackerman were presence. Except for Natalie, all gave testimony. City of Austin Municipal Court confirmed the ruling of the Administrative hearing.

On June 12, 2015, the County court at Law No. 8, granted Appellee's Motion to Strike hearing without notice to Appellant.

## SUMMARY OF THE ARGUMENT

The determination of that Administrated hearing was done with inadmissible evidence and prejudious testimony from a person that was not at the allege incident. The only issue before that hearing was did an allege attack occurred, but all the evidence presented was from a denied vicious dog claim between my dog and their dog and approximate all of the testimony was on that dismissed claim. The issue that was before the court only came up after their denied vicious dog claim was dismissed. Appellant will argue that inadmissible evidence was presented and that evidence had a prejudious effect on the ruling. There is no

evidence to support the allege bite and latches should have precluded the claim from going forward. Appellant will argue that creditability of the neighbor should be weigh against the community interactions with Skip. Appellant will argue for a fair and just new hearing on the plain text of the stature.

## ARGUMENT 1: Inadmissible Evidence

Appellant orally requested a Motion in Limine to any evidence from the previous vicious dog complaint.. The hearing officer granted the motion. Appellant objected at the beginning of Mrs. Valle's testimony as irrelevant and outside the issue before the court. Appellant objected to the administrative officer's question about the fence which Appellant stated that this is an issue outside the issue of this hearing. At both objections the hearing officer acknowledged the objections and stated that he is focusing only the issue before the court between Skip and Mr. Valle. However, he allowed the testimony to continue on matter not at issue. The administrated officer asked questions not of the incident before the court, but on the incident with the fence and the other dog. Against my objection, approximately 95% of all testimony and all of the evidence presented was on the incident between neighbor's dog and Skip. No evidence was presented on the allege incident between Mr. Valle and Skip. Mr. Valle did not present any pictures, his wife did not testify to any injury suffered by her husband.

However Mr. and Ms. Valle presented large amount of testimony about Skip and their dog, the fence where the incident occurred. The testimony of Mr. Valle stated that he was bitten but there was not breaking of the skin. He stated that he had a scratched on his behind, but presented no picture. This was the last mention of the incident. The rest of the hearing was on the fence and the incident involved their dog and Skip. It is highly unlike that all of this inadmissible evidence outside the issue before the hearing did not influenced the decision of the hearing. Therefore a new hearing is needed where only the issue before the court is allowed.

Based on Federal Rule of Evidence 103, Appellant claims that an error occurred when inadmissible evidence was admitted and that evidence affected a substantial right of the Appellant. The right to a fair trial on the issue is a fundamental right of all citizens. The Administrative hearing officer granted Appellant's motion in Limine, but allowed the evidence cited by this motion to be admitted. During and before the admittance of the inadmissible evidence, Appellant timely objected to the evidence and stated the grounds for the objection of relevance and prejudious. The presence of this evidence and the dominance of the evidence compare to other, proved to be prejudious to the Appellant. The granting of the Appellant's Motion in Limine and allowing that evidence against multiple objections is an appeal issue, *United States v. Vest*, 116 F.3d 1179, 1188 (7th Cir. 1997).

Several times during the hearing, Appellant objected to the admittance of the evidence on relevance. The Administrative hearing officer acknowledged the objects but never required the other party to offer proof sufficient to support admittance of the facts. The witness never met the Appellant's dog, was not present at the allege incident, and provided no evidence on the issue before the court. Nevertheless, this witness was allowed to dominate the hearing and presented all of the physical evidence this hearing used in its ruling.

Federal Rule of Evidence 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudious, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In this case, it can make a fictional biting more likely in claims lacking evidence. This evidence cannot be the dominate evidence of the hearing used to determine whether a biting occur. Allowing this evidence and the amount of the evidence presented served a prejudious effect on the Appellant and the only cure for this unfair hearing is a new hearing barring this evidence. The risk of unfair prejudious, confusion of issues should have been enough to exclude this irrelevant evidence. Irrelevant evidence is not admissible.

## Argument 2: Lack of evidence supporting the claim

The reason for this case is a failed vicious dog complaint between Appellant's dog Skip and a neighbor's dog. Neighbor stated to the Animal Control officer that Appellant's dog attacked his dog as he pass by my fence. The feasibility of this story is questionable because the head of Appellant's dog is bigger than the opening in the fence from the missing picket. The only way two dogs can be entangled is that neighbor's dog had its head inches from the hole or inside the hole. Appellant's two dogs bark at any dog that past the back of the house. Animal Control declined to pursue the vicious dog complaint because Appellant's dog was within his fence. At the point of the complaint denial, neighbor disclosed a past incident that Appellant's dog bit him while he was riding his bike. This is the only evidence presented to sustain a dangerous dog complaint. There is no picture of a bite, no clothes with hole from a allege bite, no other witness that could confirm or deny the story of a complaint.

## Argument 3: Latches

The next point is the date of the allege incident. The ruling of the Administrative hearing stated that on or about September 15, 2013, a Sunday. Where did this day come from? The Animal Control Department complaint delivered to Appellant did not mention this day. The testimony presented at the hearing did not cite this day.

As stated it the finding, Appellant never contested the day of the allege incident. There we no evidence in front of Appellant at the hearing to contest this day. The first time Appellant heard about this day is in the Administrative hearing order. This would mean that the allege incident occured within three months of their vicious dog complaint denial. A point Appellant would have viciously contested at the hearing. Appellant have walked his dog over 1000 times in four years. My children only walk them if Appellant am unable and this has never been a Sunday. Appellant asked his son about the allege biting; he never saw Skip bit anyone. He saw Rex, the Beagle and Skip, bark at Mr. Valle while he was riding his bike. Mr. Valle did not disclose to my son that he was bitten. The first time we heard anything about a bite was about a year later after a vicious dog complaint was denied. The delay of an allege bite is strong evidence against the other side claim and should have been a factor in this case. The allege incident occur over a year ago prior to the dangerous dog complaint and it only went forward after their vicious dog complaint was denied.

The administrated officer stated that laches does not apply. Appellant never cited the tolling of a statute of limitation. Appellant cited laches because the length of time between the allege incident and the complaint was prejudious on my defense of my dog. This delay denied Skip and his owner the opportunity to obtain evidence that would deny or confirm a biting occurred. This delay is a matter that

should be considered at the new hearing if granted. The Austin Animal Control complaint is the first time Appellant heard of any alleged biting and a year after the incident any scratch he had on his behind will be gone.

## Argument 4: Creditability of the witness

The next point of my appeal is the credibility of only witness to this alleged biting. No one saw this allege biting. On the allege day of the biting, my twelve year old son was walking both dogs: Rex, my beagle and Skip my boxer. He lost control of the dogs for a moment and ran to regain control of the dog. My son never witness a biting and the first time Appellant heard anything about my dog biting a human being is at the dangerous dog complaint. This allege biting came forward only after the vicious dog complaint was denied. The motivation of the testimony should be assesses at a new hearing that is free of all of the elements of the denied vicious dog complaint.

## Argument 5: Skip interaction within the community

Skip is a sixty pound boxer with a slender muscular build. He is fast and love to play. Appellant have had Skip for four years now and in those four year, the only allege biting occurred to a person who has issue with Appellant's dog. Appellant has walked both of his dogs every day, with about ten times in this time span

Appellant have asked my son or daughter to walk him when Appellant was unable. In other word Appellant walked Skip about 99 percent of the time. Therefore no one knows my dog better than me and Appellant have watched his interactions with people from around the neighborhood and other dogs. In those four years he has encountered several neighborhood dogs, children playing, joggers, and bike rider. Most of the time Appellant walk him unleased, and he has never tried to attack anyone. No other incident of Skip attacking any human being. The only thing dangerous in Skip is his tail wigging when a neighbor approaches him. He love to play and he is extremely playful.

Also, he has never bitten anyone. He has never showed his teeth to anyone. Skip has several dog friends and neighbors love to pat him. He is a big dog but he is a friendly dog. Appellant have several neighbors who allow their little girls to play at my house and they interact with Skip. There are several boys, mostly friends of my son, love to play with Skip because he is playful and extremely athletics. There is no way a dog can be walk in my neighbor thousands of times unleased, play with the neighborhood children be a dangerous dog. This is frictional claim and should be judge by his interaction with all of his neighbors, not just one neighbor he has motive to make up a fictitious biting.

## Argument 6: Right to a Fair and Just hearing

This administrated hearing was not a fair and just hearing soon after the officer allowed a witness who was not at the allege incident to testify about incidents outside the allege incidents before the hearing. Appellant only want a fair and just hearing for Skip. This is an issue of life and death of my dog that is a good dog which had an incident with another dog when the other dog put its head near or inside the hole of my fence. He stated that he was startle when both dogs chase his bike, he stated that he followed my son to our house, asked to see the tags of the dogs, stated that at no time he was scared of the dog and that his dog is much bigger. There was no mention of any biting. Mr. Valle testimony is the only evident presented on the allege biting. This dangerous dog code is weak if this is all that is needed to proof a dog is dangerous. The word of a husband backing his wife conviction that a dog is vicious a year later where no evident of a bite occurred is presented. Before Appellant turn my dog over to the city of Austin to destroy, Appellant want a fair and just hearing on the issue. Appellant am a strong believer of law and applying code fairly but the following definition of dangerous dogs was not met.

## Argument 7: Plain text of the statute

## (2) "DANGEROUS DOG" MEANS A DOG THAT:

(A) Makes an unprovoked attack on a person that causes bodily injury, **and occurs**

**in a**

**place other than an enclosure in which the dog was being kept and that was**

**reasonably**

**certain to prevent the dog from leaving the enclosure on its' own: or**


(B) Commits unprovoked acts in a place other than an enclosure which the dog

was being kept **and** that reasonably certain to prevent the dogs from leaving the

enclosure on its' own and those acts cause a person to reasonably believe that the

dog will attack and cause bodily injury to a person.


In both of these definition of a dangerous dog, the "AND" requires that the dog got

out of its enclosed area.   Escaping his enclosure was never an issue in this case.

In fact, Skip has never escaped his enclosure.  He is bigger than the hole generated

from a missing picket.  of this case.  There was no evidence presented that Skip got

out of his enclosure and bite Mr. Valle.  The only evident present was he bit

another dog that put his head near or inside a picket in a fence.  How is Skip a

17

dangerous dog based on the definition of CHAPTER 822 OF THE TEXAS HEALTH AND SAFETY CODE RELATION. Skip has never escaped enclosure. This was never a case of Skip getting out of his enclosure, however, by allowing other evidence outside the issue before this court, this court ruled on the definition above. Before this code applies to Skip, each element of the code must be met. This court cannot hold that the 'and' does not mean in the code while the remedy for a dangerous dog is a strong regulation of the element that does not have to be met. Appellant do not have a criminal record of any sort and have a dangerous dog place me under the jurisdiction of the city's Animal Service. This is a dangerous risk to my well-being to own a dangerous dog and before this occur all element of the code must be met. My justification for this appeal is from the plain text of the statute stated below:

§ 822.0421. Determination That Dog Is Dangerous

(b) An owner, not later than the 15th day after the date the owner is notified that a dog owned by the owner is a dangerous dog, may appeal the determination of the animal control authority to a justice, county, or municipal court of competent jurisdiction. An owner may appeal the decision of the justice, county, or municipal

court in the same manner as appeal for other cases from the justice, county, or municipal court.

This was my strongest evidence against the other side that their new claim was made up (a fairy tale). Against all of my objections and my Motion in limine, the Administrative office let the hearing be dominated by the dismissed claim. It is my position that this was an error of the Administrative hearing and only way to correct this error is another hearing barring the dismissed evidence and testimony. This is the only true way that Appellant can get a fair trial in this case. This is an appeal of a final order from an Administrated hearing in Austin, Texas. Therefore Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) and Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) are not applicable to this case. In fact, this statute and ruling both backs the appeal step Appellant am currently undergoing. The Administrative office issued a final order on a hearing on the merits. The Administrated hearing disposed of all parties and all claims pending in the case which made the order final. By disposing of all of the issues before it; it made the order appealable under Lehmann, 39 S.W.3d at 200. The Administrative hearing order was appealed to the Municipal court which affirmed the previous order. This case was then appealed to the Travis County which refused to hear the case. Next this case is before you, Court of Appeals, Third District of Texas.

On March 19, 2014, an Administrated hearing was held by hearing Officer Brad Norton of Austin/Travis County. The hearing was whether my dog Skip was a dangerous dog under Chapter 822 of the Texas Health and Safety. This code was no intended to be used as a consolation if one loses his case for a viscous dog case under City of Austin Code 3-4-7. The complainant only disclose this allege bite after his vicious dog case was closed on an incident inside my fence between my dog and my neighbor's dog. Against my objections, the hearing office allowed all of the irrelevant evident and testimony to be presented from the close vicious dog from the wife who was not present at the allege incident. There was no evidence presented of the allege bite and the husband only spoke about three sentences describing the allege attack from the past. About 95% of the hearing was on closed vicious dog case matter, not on the matter before the officer of whether my dog bit someone. The weight of this evident and testimony had an adverse effect on the ruling on the officer and the only was to have a fair hearing is to have another hearing whether only evident presented is whether my dog bite the complaint.

The hearing before the city judge did not allowed this irrelevant evident and testimony which is proof this should not have be present at the hearing. The municipal court affirmed the ruling of the hearing officer. This ruling

## Argument 8: Travis County has jurisdiction to hear this Motion for New

Travis County Court #8 ruled on the case the case without hearing appellant present. Appellant was not given proper notice of the hearing. The relief sought is another Administrative hearing only on evidence of an allege bite only. My motion of Limine was ignored. The prejudious effect of irrelevant evidence on the ruling on the hearing officer.

Appellant is appealing the denial of a Motion For New Trial on June 16, 2015 of the Administrative hearing officer of the Austin Travis County Animal services Department on March 28, 2014. This appeal is taken to moves this Judge to grant a new trial for the reason that the verdict is contrary to the law and evidence. Plaintiff was not heard on his appeal and he asks this Court to grant this motion so both parties can be heard. There was no emergency to justify an Ex parte hearing without the Plaintiff present. The Plaintiff has three points for a new trial.

1. Under the Fifth Amendment, "No person shall .... be deprived of life, liberty, or property, without due process of the law." On June 12, 2015, a hearing was held on a Joint Motion To Dismiss For Want of Jurisdiction and For Failure To Comply with Rules of appellate Procedure and/or Motion To Strike Jury Setting.

The plaintiff did not get proper notice of this hearing. Plaintiff filed this trial 3 months and this hearing on this joint motion was placed in plaintiff mailbox a day before the hearing (USPS verification). Plaintiff did not get the notice until Friday, June 12, 2015, which is after the hearing was conducted.

2. The Joint Motion states that Plaintiff is not entitle to an appeal because the judgment against him is not criminal. The plain stating of citing § 30.00014. Appeal (a) A defendant has the right of appeal from a judgment or conviction in a municipal court of record. Plaintiff has the right to appeal the Municipal Court judgment.

3. The Joint Motion states that this court does not have jurisdiction to hear this case. The plain stating of the code a dog owner may file an appeal of a municipal animal control authority's dangerous-dog determination with any municipal court, justice court, or county court -- all of which have jurisdiction under section 822.042(c).

## PRAYER

For the reasons set out above, the Appellant Vincent Wrencher respectfully requests that the third Court of appeals find that the Administrated Hearing erred in

allowing inadmissible evidence and/or City of Austin Municipal court and Travis County Court at Law No. 8 erred in not sending the case back to the administrative hearing. Appellant asked this court to remand the case back to the Administrated Hearing with instruction prohibiting inadmissible evidence of the Ms. Valle's testimony and evidence related to the denied vicious dog claim.

Respectfully submitted,

Vincent Wrencher, Pro se

## CERTIFICATE OF SERVICE AND WORD COUNT

I CERTIFY THAT ON November 20, 2015, that the Appellant's Brief contains 4181 words. I CERTIFY THAT ON November 20, 2015, a true and correct copy of Appellant's Brief was served on the Appellee counsel via first class mail.

Vincent Wrencher, Pro se
1117 Briargate
Austin, TX 78753
512-773-2777
vwrencher@yahoo.com

Lea Downey
&
Ingrid Ellerbee

23

# Appendix

A     City of Austin Letter

B     City of Austin Order

C     City of Austin Firming Order

D     Appeal to Travis County

E     Travis County Order

F     Appeal to 3rd District Appeal

 

**AUSTIN/TRAVIS COUNTY ANIMAL SERVICES DEPARTMENT**
7201 Levander Loop
Austin, Texas 78702

City of Austin

County of Travis

February 28, 2014

Certified# 70083230000062511941

Vincent Wrencher
1117 Briargate Drive
Austin, TX 78753

Dear Mr. Wrencher,

The purpose of this letter is to inform you that a dangerous dog hearing has been set for March 19th at 12:00 at the City of Austin Municipal Court, South Customer Service Center, 5700 Manchaca Road, Austin Texas, 78745. A signed affidavit has been presented to the Animal Control authority that your dog described as "Skip" Black, pit bull mix while running at large in the 1117 Briargate did commit an unprovoked attack on a person causing bodily injury.

A determination will be made whether your dog should be declared dangerous and the following requirements must be met under, CHAPTER 822 OF THE TEXAS HEALTH AND SAFETY CODE RELATION TO DANGEROUS DOGS:

**REQUIREMENTS FOR DANGEROUS DOG:**
    (A) Not later than the 30th day after a person learns that the person is the owner of a dangerous dog, the person shall:

- Register the dog annually as a <u>Dangerous Dog</u> with the local Animal Control Authority and pay a registration fee of $50.00.
- Restrain the dog <u>at all times</u> on a leash in the immediate control of a person or in secure enclosure.
- Obtain liability insurance coverage or show financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by the dangerous dog causing bodily injury to a person.
- Submit proof of the dog's current rabies vaccination.
- Attach the issued dangerous dog tag to the dogs' collar or harness and insure that the tag is worn at all times.
- Inform the local Animal Control Authority if the dangerous dog is sold or moved to a new address within 14 days of the sale or move of the dog. The new owner of the dangerous dog can register the dog by presenting the prior registration and remitting a $25.00 fee to the Animal Control Authority.
- Inform the Animal Control Authority office of any attacks on people by the dangerous dog.



A1

**Failure on your part to attend this hearing could result in a determination of your dog(s) being declared dangerous. Your testimony regarding the incident could be beneficial to the Health Authority when making his determination.**

Should you have any questions concerning this notice, please contact Animal Protection Supervisor April Moore, Animal Protection Supervisor Mark Sloat Senior Officer Dave Ackerman, or Senior Officer Philip Goen of the Austin-Travis County Animal Services office at 311. All communications regarding this notice should be referenced by the following dangerous dog CASE #DD14-001064.

Respectfully,

David Ackerman, Senior Animal Protection Officer
Animal Services Unit-City/County Dangerous Investigator
Austin/Travis County Animal Services Office
O: 512-978-0510, F: 512-978-0617
David.Ackerman@austintexas.gov

If you will need an interpreter at the hearing, please call Animal Control at 974-5000 at least a week before the hearing so that an interpreter can be scheduled to attend the hearing.

Si usted va a necesitar una intérprete para su audiencia, favor de llamar por teléfono al Control de Animales al número 974-5000 por lo menos una semana antes de su audiencia, de manera que podamos tener una intérprete disponible para usted durante su audiencia.

A2

# City of Austin

**Animal Services Office, Austin Animal Center**
7201 Levander Loop, Austin, TX 78702

## VICIOUS DOG INFORMATION SHEET

A determination that a dog is a vicious dog may be found upon the filing of appropriate affidavits with the City Health Authority by affected or interested persons and the attending physician or veterinarian, where appropriate, attesting to the occurrence of the following acts:

## § 3-4-7 VICIOUS DOG

A. An owner or handler shall take reasonable measures to protect the public from accidental contact with a dog that, by nature or by training, is dangerous to people or other animals.

B. An owner or handler may not keep or permit a dog to be in the city if the dog has:

1) On at least three separate occasions bitten or scratched a person in the city;

2) On at least one occasion bitten or scratched a person to an extent that the attending physician has presented an affidavit to the health authority stating that the person's life may have been endangered by the dog; or

3) On at least one occasion:

    a) Killed another dog, cat, or other domestic pet, fowl, or livestock; or

    b) seriously injured another animal to an extent that an attending veterinarian has presented an affidavit to the health authority stating that the injured animal's life was seriously endangered or taken by the dog, or that the dog caused a significant permanent impairment of the injured animal's basic bodily functions or mobility; provided, however, that when the incident occurred, the injured animal was not in violation of a provision of this title relating to the confinement or physical control of animals in the City.

*Source: 1992 Code Section 3-3-1, and 3-3-5; Ord. 031009-9; Ord. 031211-11.*

## § 3-7-3 INTERFERENCE WITH ENFORCEMENT PROHIBITED

A person may not interfere with, hinder, or molest a city employee in the performance of the employee's duties under this title.

FOR MORE INFORMATION, CONTACT THE VICIOUS DOG INVESTIGATORS:
DAVE ACKERMAN – 512-978-0510 OR PHILIP GOEN – 512-978-0518

*The City of Austin is committed to compliance with the Americans with Disabilities Act.*
*Reasonable modifications and equal access to communications will be provided upon request.*



## <u>DANGEROUS DOG INFORMATION SHEET</u>

CHAPTER 822 OF THE TEXAS HEALTH AND SAFETY CODE RELATION TO DANGEROUS DOGS WAS RECENTLY AMENDED BY THE TEXAS LEGISLATURE BY HOUSE BILL 2065. THE STATUE WAS AMENDED TO ADD SUBCHAPTER (D) WHICH REQUIRES, AMONG OTHER THINGS, THAT LOCAL ANIMAL CONTROL AUTHORITIES ANNUALLY REGISTER DANGEROUS DOGS FOR EVENTS THAT OCCUR AFTER SEPTEMBER 1, 1991.

(1) **"<u>ANIMAL CONTROL AUTHORITY</u>"** MEANS A MUNICIPAL OR COUNTY RABIES CONTROL OFFICER WITH AUTHORITY OVER THE AREA WHERE THE DOG IS KEPT.

(2) **"<u>DANGEROUS DOG</u>" MEANS A DOG THAT:**

(A) Makes an unprovoked attack on a person that causes bodily injury, and occurs in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its' own: or

(B) Commits unprovoked acts in a place other than an enclosure which the dog was being kept and that reasonably certain to prevent the dogs from leaving the enclosure on its' own and those acts cause a person to reasonably believe that the dog will attack and cause bodily injury to a person.

(3) **REQUIREMENTS FOR DANGEROUS DOG:**

(A) Not later than the 30th day after a person learns that the person is the owner of a dangerous dog, the person shall:

(1) Register the dog annually as a <u>Dangerous Dog</u> with the local Animal Control Authority and pay a registration fee of $50.00.
(2) Restrain the dog <u>at all times</u> on a leash in the immediate control of a person or in secure enclosure.
(3) Obtain liability insurance coverage or show financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by the dangerous dog causing bodily injury to a person.
(4) Submit proof of the dog's current rabies vaccination.
(5) Attach the issued dangerous dog tag to the dog's collar or harness and insure that the tag is worn at all times.
(6) Inform the local Animal Control Authority if the dangerous dog is sold or moved to a new address within 14 days of the sale or move of the dog. The new owner of the dangerous dog can register the dog by presenting the prior registration and remitting a $25.00 fee to the Animal Control Authority.
(7) Inform the Animal Control Authority office of any attacks on people by the dangerous dog.

(B) The owner of a dangerous dog who does not comply with subsection (A) shall deliver the dog to the Animal Control Authority not later than the 30th day after the owner learns that the dog is a dangerous dog.

(4) **DETERMINATION THAT A DOG IS DANGEROUS:**

(A) If a person reports an incident described by section 822.041(2), the Animal Control Authority may investigate the incident if, after receiving the sworn statements of any witness, the Animal Control Authority determines the dog is a dangerous dog, it shall notify the owner of the fact.

*The City of Austin is committed to compliance with the Americans with Disabilities Act.*
*Reasonable modifications and equal access to communications will be provided upon request.*

A4

(B) An owner, no later than the 15th day after the owner is notified that a Dog owned by the owner is a dangerous dog, may appeal the determination of the Animal Control Authority to a justice, county, or municipal court.

## (5) ATTACK BY A DANGEROUS DOG:

(A) A person commits an offense if the person is the owner of a dangerous dog and the dog makes an unprovoked attack on another person outside the dog's enclosure and causes bodily injury to the other person.

(B) An offense under this section is a Class C misdemeanor, unless the attack causes serious bodily injury or death, in which event the offense is a Class, A misdemeanor.

(C) If a person is found guilty of an offense under this section, the court may order the dangerous dog destroyed by a person listed in section 822.004.

(D) In addition to the criminal prosecution, a person who commits an offense under this section is liable for a civil penalty not to exceed $10,000.

## (6) A SECURE ENCLOSURE FOR A DANGEROUS DOG IS ONE THAT:

(A) Is a fence area or a structure that is:
    (1) Locked
    (2) Capable of preventing the entry of the general public including Children.
    (3) Capable of preventing the escape or release of a dog.
    (4) Clearly marked as containing a dangerous dog.
    (5) Has been inspected and approved by representatives of the local Animal Control Authority.

## DEFINITIONS:

(A) UNPROVOKED ATTACK: An attempt by a dog to inflict bodily injury on a person in a situation which the dog was not hit, kicked, or struck by the person with an object or a part of the person's body nor was any part of the dog's body pulled, pinched, or squeezed by the person, nor was the dog taunted or teased by the person. Consideration will be given to whether the person was in the dog's territory on the property of the dog's owner at the time of the attack (e.g. When the dog is confined to the owner's property by rope or chain, or when a dog is defending its young on the property of its owner). If at the time of the unprovoked attack the person was in the dogs territory and the dog was confined then any attack will not be deemed an unprovoked attack.

(B) BODILY INJURY: physical pain, illness or any impairment of physical condition.

FOR MORE INFORMATION CONTACT THE DANGEROUS DOG INVESTIGATOR
David Ackerman @ 512-978-0510 or Philip Goen @ 512-978-0518.

Mailing Address: P. O. Box 1088 Austin, TX 78767

*The City of Austin is committed to compliance with the Americans with Disabilities Act.*
*Reasonable modifications and equal access to communications will be provided upon request.*



 

**AUSTIN/TRAVIS COUNTY HEALTH
AND HUMAN SERVICES DEPARTMENT**
Austin/Travis County Animal Services
7201 Levander Loop
Austin, TX 78702

------------------------------------------------------------

AUSTIN / TRAVIS COUNTY ANIMAL SERVICES Case: #14-001064

Re: a dog owned by Vincent Wrencher

------------------------------------------------------------

## ORDER

------------------------------------------------------------

## JURISDICTION

This dangerous dog determination hearing is adjudicated under Texas Health and Safety Code Chapter 822 by the delegated power of the Local Health Authority. After proper notice, a hearing was convened on March 19, 2014 at 12 p.m. at the City of Austin Municipal Court, South Customer Service Center.

## PERSONS PRESENT

Animal Control Officer Dave Ackerman      Christopher Valle
Vincent Wrencher      Natalie Cervantes-Valle

## ISSUE

Did the owner's dog, on or about September 15, 2013, commit acts constituting those of a dangerous dog?

*B 1*



## LEGAL AUTHORITY

STATE OF TEXAS HEALTH & SAFETY CODE
CHAPTER 822. REGULATION OF ANIMALS
SUBCHAPTER D. DANGEROUS DOGS
§ 822.041. DEFINITIONS.

In this subchapter:

(1)    "Animal control authority" means a municipal or county animal control office with authority over the area where the dog is kept or a county sheriff in an area with no animal control office.

(2) "Dangerous dog" means a dog that:

(A)    makes an unprovoked attack on a person that causes bodily injury and occurs in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its own; or

(B)    commits unprovoked acts in a place other than an enclosure in which the dog was being kept and that was reasonably certain to prevent the dog from leaving the enclosure on its own and those acts cause a person to reasonably believe that the dog will attack and cause bodily injury to that person.

(3)    "Dog" means a domesticated animal that is a member of the canine family.

(4) "Secure enclosure" means a fenced area or structure that is:

(A)    locked;
(B)    capable of preventing the entry of the general public, including children;
(C)    capable of preventing the escape or release of a dog;
(D)    clearly marked as containing a dangerous dog; and
(E)    in conformance with the requirements for enclosures established by the local animal control authority.

(5)    "Owner" means a person who owns or has custody or control of the dog.

§ 822.0421. DETERMINATION THAT DOG IS DANGEROUS

(a)    If a person reports an incident described by Section 822.041(2), the animal control authority may investigate the incident. If, after receiving the sworn statements of any witnesses, the animal control authority determines the dog is a dangerous dog, it shall notify the owner of that fact.



(b) An owner, not later than the 15th day after the date the owner is notified that a dog owned by the owner is a dangerous dog, may appeal the determination of the animal control authority to a justice, county, or municipal court of competent jurisdiction. An owner may appeal the decision of the justice, county, or municipal court in the same manner as appeal for other cases from the justice, county, or municipal court.

Sec. 822.042. REQUIREMENTS FOR OWNER OF DANGEROUS DOG.

(a) Not later than the 30th day after a person learns that the person is the owner of a dangerous dog, the person shall:

(1) register the dangerous dog with the animal control authority for the area in which the dog is kept;

(2) restrain the dangerous dog at all times on a leash in the immediate control of a person or in a secure enclosure;

(3) obtain liability insurance coverage or show financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by the dangerous dog causing bodily injury to a person and provide proof of the required liability insurance coverage or financial responsibility to the animal control authority for the area in which the dog is kept; and

(4) comply with an applicable municipal or county regulation, requirement, or restriction on dangerous dogs.

(b) The owner of a dangerous dog who does not comply with Subsection (a) shall deliver the dog to the animal control authority not later than the 30th day after the owner learns that the dog is a dangerous dog.

(c) If, on application of any person, a justice court, county court, or municipal court finds, after notice and hearing as provided by Section 822.0423, that the owner of a dangerous dog has failed to comply with Subsection (a) or (b), the court shall order the animal control authority to seize the dog and shall issue a warrant authorizing the seizure. The authority shall seize the dog or order its seizure and shall provide for the impoundment of the dog in secure and humane conditions.

(d) The owner shall pay any cost or fee assessed by the municipality or county related to the seizure, acceptance, impoundment, or destruction of the dog. The governing body of the municipality or county may prescribe the amount of the fees.

(e) The court shall order the animal control authority to humanely destroy the dog if the owner has not complied with Subsection (a) before the 11th day after the date on which the dog is seized or delivered to the authority. The court shall order the authority to return



the dog to the owner if the owner complies with Subsection (a) before the 11th day after the date on which the dog is seized or delivered to the authority.

(f) The court may order the humane destruction of a dog if the owner of the dog has not been located before the 15th day after the seizure and impoundment of the dog.

(g) For purposes of this section, a person learns that the person is the owner of a dangerous dog when:

(1) the owner knows of an attack described in Section 822.041(2)(A) or (B);

(2) the owner receives notice that a justice court, county court, or municipal court has found that the dog is a dangerous dog under Section 822.0423; or

(3) the owner is informed by the animal control authority that the dog is a dangerous dog under Section 822.0421.

## FINDINGS OF FACT

At the hearing, Mr. Valle stated that, on or about September 15, 2013, he was riding his bicycle along Briargate Drive when he came near a couple of boys who were each walking a dog on a leash. As he approached, one of the dogs, later identified as Skip, a black and white boxer owned by Vincent Wrencher, pulled on the leash with sufficient force to pull the leash out of the hand of the boy who had been holding it. The dog Skip came at Mr. Valle in an aggressive manner. Mr. Valle says he dismounted the bike and tried to hold the bike between himself and the dog. The dog continued barking and snapping at Mr. Valle, and soon managed to bite Mr. Valle on the upper leg, causing an abrasion.

After the boy had regained control of Skip, Mr. Valle says he questioned the boy where he lived, but the boy was evasive and both boys walked away with the dogs. Mr. Valle said he watched where the boys went, and when they went into a house down the street (Mr. Wrencher's house, as it turned out), Mr. Valle went to the door of the house and knocked. He said a woman answered, and Mr. Valle asked if her the dog was current on its rabies shots. The woman went inside and returned with Skip's tags indicating he was current on the rabies vaccination. Satisfied, Mr. Valle let the matter go.

Later, in mid-January 2014, Mr. Valle was walking his dog along the sidewalk by Mr. Wrencher's fence, which closely abuts the sidewalk. Skip was behind the fence, but had pushed out a picket of the fence and he bit Mr. Valle's dog as they passed near the gap in the fence. Confronted with this second instance of aggressive behavior by Skip, Mr. Valle and his wife decided to seek a determination based on the September 2013 biting incident.

Mr. Wrencher said that Skip is a strong, athletic dog. He says Skip has knocked pickets off the fence about ten times. He said he has replaced several pickets, and he plans to install by this summer a second row of pickets on the inside of the fence to make it harder for Skip to bust out pickets from the fence. He said Skip also tries to dig under the fence, and Mr. Wrencher says he has put down rocks at certain areas of the fence to discourage digging. Mr. Wrencher says that Skip has been well-trained, and gets along with all the pets and people in his household.

After the hearing, Mr. Wrencher submitted some information on legal issues. He cites Section 822.006 of the Texas Health and Safety Code, which provides it is a defense to prosecution under Section 822.005(a) that, at the time of the conduct charged, the person's dog was on a leash and the person, if not in control of the dog, the person was making immediate and reasonable attempts to regain control of the dog. It appears that Mr. Wrencher seeks to argue that, in the incident in which Skip bit Mr. Valle in September 2013, his son tried to regain control of Skip after Skip pulled the leash out of his hand. However, Section 822.006 refers to a different sort of matter than that at issue in this hearing. It refers to criminal prosecution of a person whose dog attacks someone and causes serious bodily injury. This hearing is not a criminal prosecution and does not involve an allegation of serious bodily injury, but is instead an administrative fact determination conducted under Section 822.0421 of the Health and Safety Code.

Mr. Wrencher also says the matter is barred by laches. In other words, he says that the hearing has taken place so long after the incident in question that it is now too difficult to assess the facts of the matter. But the information presented at the hearing indicates that the incident involving Skip attacking Mr. Valle occurred in mid-September 2013, little over half a year before the hearing. There is no statute of limitation on dangerous dog determinations under Section 822.0421 of the Health and Safety Code, but the limitation period for a civil personal injury case -- perhaps the most analogous limitation period under the facts at issue here -- is two years (see Section 16.003 of the Civil Practice and Remedies Code). And the shortest limitation period provided in the Civil Practice and Remedies Code is one year (see Section 16.002). Since the incident to be considered in the hearing fits within even the shortest limitation period provided by Texas law, laches cannot not bar consideration of the matter here.

## CONCLUSIONS OF LAW

The information presented at the hearing provided sufficient proof that, on or about September 15, 2013, Skip, a black and white boxer type dog owned by Vincent Wrencher, made an unprovoked attack on a person that caused bodily injury, and at the least, committed unprovoked acts that would cause a person to reasonably believe that the dog will attack and cause bodily injury to that person. The attack occurred in a place other than an enclosure in which the dog was being kept.

Based on these findings and the applicable state law, it is determined that Skip is a dangerous dog as defined by Section 822.041(2)(A), Texas Health & Safety Code.



The owner, not later than the 15th day after the date the owner is notified that a dog owned by the owner is a dangerous dog, may appeal the determination of the animal control authority to the City of Austin Municipal Court located at 700 East Seventh Street in downtown Austin.

If the owner does not appeal, the owner of the dog must comply with the requirements of Section 822.042 (a) of the Texas Health & Safety Code within 30 days after the owner learns of this determination, or else the owner must surrender the dog to the animal control authority as provided by Section 822.042 (b).

Entered March 28, 2014.

Brad Norton
Hearing Officer

CAUSE NO. 20140403

IN RE:                                      §        IN THE MUNICIPAL COURT
                                            §
(512)974-4616                               §
                                            §
Allison                                     §        AUSTIN, TEXAS
954
78117

<u>FIRMING DETERMINATION OF DANGEROUS DOG</u>

On this, the 9th day of May, 2014, came to be heard the appeal by Vincent Wrencher, the owner of the dog known as "Skip", a black and white boxer, who was determined to be a dangerous dog as a result of an administrative hearing held on March 28, 2014. As authorized by Section 822.0421(b), Texas Health and Safety Code, an owner may appeal to the municipal court the hearing officer's determination that a dog is dangerous, as defined by Section 822.041 of the Texas Health and Safety Code.

The City of Austin, appeared by and through its counsel, Nicholas Ball. The animal's owner, Vincent Wrencher, ☒ appeared in person ☐ appeared by and through counsel ☐ failed to appear.

Having conducted an administrative hearing on the matter, and after hearing the evidence and the arguments of both parties, the Court finds that the animal known as "Skip", a black and white boxer, is a dangerous dog, as defined by Section 822.041 of the Texas Health and Safety Code, having found that the dog made an unprovoked attack outside an enclosure on or about September 15, 2013. The Court further finds that there was substantial evidence to support the hearing officer's determination that the dog is dangerous.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the determination of the hearing officer is affirmed. IT IS FURTHER ORDERED that the owner of the animal known as "Skip", a black and white boxer, having been determined to be a dangerous dog under Section 822.0421 of the Texas Health and Safety Code, must comply with the Requirements for Owners of Dangerous Dogs, as defined in Section 822.042 of the Texas Health and Safety Code, including 1) registering the dangerous dog with the animal control authority, 2) restraining the dangerous dog at all times on a leash in the immediate control of a person or in a secure enclosure, and 3) obtaining liability insurance coverage or showing financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by the dangerous dog. Failure to comply with said requirements may result in seizure and destruction of the animal(s), as authorized by Section 822.042(e) of the Texas Health and Safety Code.

SIGNED AND ENTERED on the _____ day of ___May_____, 2014.

_____
MUNICIPAL COURT JUDGE
AUSTIN MUNICIPAL COURT

C9

# MOTION FOR CONTINUANCE / DISMISSAL / NEW TRIAL

*Vincent Wrencher*
*vs*
CAUSE NUMBER _20140405_

THE STATE OF TEXAS                    §          IN THE MUNICIPAL COURT
~~vs~~                                §          CITY OF AUSTIN
_____                 §

COURT DATE: _25th_ day _April_ 20_14_, at _1030_ o'clock.

## I. MOTION FOR CONTINUANCE

I, (print name) _Vincent Wrencher_ request a continuance in the above cause for the reasons stated in III below:

## II. MOTION TO DISMISS

I, (print name) _____ have filed the complaint in the above cause on (violation date) _____, 20_____ and for the reasons stated in number IV. below, I request the State and the Court to dismiss this cause.

## III. MOTION FOR NEW TRIAL

I, (print name) _____ file this Motion for New Trial in the above cause for the reasons stated in IV. below.

## IV. REASONS FOR MOTION I, II, or III

(BE SPECIFIC) _School Teacher with 50 children in St. Louis for a world champ ship for FRC First Robotics Comp. This date will not work._

I understand that I am responsible for confirming whether the Motion was granted or denied. I can obtain this information by calling (512) 974-4800 or by visiting the Court's website at: www.ci.austin.tx.us/public. If the motion is denied and the defendant fails to appear at the scheduled date and time; if applicable, a warrant for the defendant's arrest will be issued. If the motion for a new trial was filed and the motion is denied, the defendant is responsible for adhering to the ruling made by the judge. Failure to adhere to the judge's order will result in a warrant of arrest.

Signature of (circle one): Defendant/Attorney/Complainant/Prosecutor _V. Wrencher_

Please print: _1117 Briargate_                                    _512-773-2777_
                    Address                                       Telephone No.

Email address: _Vincent.wrencher@austinisd.org_   Bar number: _N/A_

SWORN AND SUBSCRIBED before me on this ___ day of _APR 03 2014_, 20___.

_____          _____
Notary in and for the State of Texas      Deputy Clerk, Municipal Court, City of Austin, Texas

Police Officer submitting Motion is responsible for confirming whether the Motion was granted or denied.
Police Officer's Signature * _____   APD Supervisor's Signature * _____

Date: _____          Date: _____

*Rev. 1009*



20140403

6/25/14

## Notice of Appeal

Section 822.041 requires that the dog must escape an enclosure (reasonably) on its own. The dog never escape its enclosure. All of the elements of this code was not satisfied or addressed in the hearing. Before a dog is labelled a dangerous dog, it must be able to escape or have a history of escaping. The dog in question does not have a history of escaping.

Vincent Wrencher
512-773-2777
Pro Se.


RECEIVED
MUNICIPAL COURT
FILED IN
'14 JUN 25 PM 7 31



D2

CAUSE NO C-1-CR-14-100040

| | | |
|---|---|---|
| Vincent Wrencher, Sr. | § | IN THE COUNTY COURT # 8 |
| Plaintiff, | § | |
| | § | |
| VS | § | TRAVIS COUNTY |
| | § | |
| | § | |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |
| Defendant | § | |

## NOTICE OF APPEAL OF MOTION FOR NEW TRIAL

Plaintiff Vincent Wrencher desires to appeal from the denial of a Motion For New Trial on June 16, 2015 of the administrative hearing officer of the Austin Travis County Animal services Department on March 28, 2014. This appeal is taken to Third Court of Appeals at Austin, Texas.

Respectfully submitted,

Vincent Wrencher Sr., Pro se
1117 Briargate
Austin, Texas 78753
512-773-2777

## CERTICATE OF SERVICE

On July 10, 2015, a copy of Notice of Appeal of Motion For New Trial, was served, in compliance with Texas Rules of appellate Procedure 9.5 and 25.2(e), on the following in the manner listed below

Ingrid Ellerbee and/or
Annalynn Cox                                                          *Via Regular Mail*
Travis County Attorney's Office
PO Box 1748

Austin, Texas 78767

Lea Maureen Downey
Assistant City Attorney for
The City of Austin, Texas
700 East 7th Street
Austin, Texas 78701

Vincent Wrencher Sr., Pro se
1117 Briargate
Austin, Texas 78753
512-773-2777

04

Case No. C-1-CR-14-100040

# IN THE COUNTY COURT AT LAW NO. 8

# TRAVIS COUNTY, TEXAS

---

**VINCENT WRENCHER,**
**Appellant**

v.

**THE STATE OF TEXAS,**
**Appellee.**

---

## <u>NOTICE OF SETTING</u>

Notice is hereby given that the following matter in the above styled and numbered cause is set for hearing as follows:

Matter Set:    Joint Motion To Dismiss For Want Of Jurisdiction And For Failure To Comply With Rules Of Appellate Procedure And/Or Motion To Strike Jury Setting

Date/Time : Friday, June 12, 2015 at 9:30 a.m.

Location:  County Court at Law No. 8, 509 West 11th, 5th floor, Austin, Travis County, Texas

Estimated time for the hearing:  1 hour

All parties/attorneys are expected to attend. The hearing has been confirmed through the office

of the Court Administrator.

Date:  June 4, 2015

Respectfully Submitted,

Karen Kennard
City Attorney
State Bar No. 11280700

_(signature)_

Lea Maureen Downey
State Bar No. 24078437
Assistant City Attorney for
The City of Austin, Texas
700 East 7th Street
Austin, Texas 78701
512-974-4804 office
512-974-1244 fax


DAVID A. ESCAMILLA
County Attorney, Travis County
P.O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: _(signature)_
Annalynn Cox
State Bar No. 24001317
Ingrid Ellerbee
State Bar No. 00787429


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2015, a true and correct copy of Appellee's _this Notice of Setting And_ Motion to Dismiss for Want of Jurisdiction and for Failure to Comply with Rules of Appellate Procedure and/or Motion to Strike Jury Setting has been mailed to Vincent Wrencher, 1117 Briargate, Austin, TX 78753. _via Certified mail, return receipt 7012 0470 0000 0710 5855 and via first class mail ._

_(signature)_
Ingrid Ellerbee
Assistant County Attorney

NO. C-1-CR-14-100040

| VINCENT WRENCHER | § | IN COUNTY COURT |
| Appellant | § | |
| | § | |
| VS. | § | NUMBER 8 |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee | § | TRAVIS COUNTY, TEXAS |

## ORDER

On June 12, 2015, the Court considered the State's Joint Motion to Dismiss for Want of Jurisdiction and For Failure to Comply with Rules of Appellate Procedure and/or Motion to Strike Jury Setting.

The Court, having considered the pleadings and arguments of the parties, finds as follows:

As authorized by Health & Safety Code §822.0421(b), Vincent Wrencher appealed the dangerous dog determination, originally made by an administrative hearing officer of the Austin/Travis County Animal Services Department after an evidentiary hearing, to the Austin Municipal Court, a court of record.

No further appeals are permitted in this matter because the Texas Legislature did not authorize appeals from civil dangerous dog proceedings in municipal courts of record.

Mr. Wrencher has neither been charged with, nor convicted of, a criminal offense and is not a criminal defendant.

Texas Government Code Section 30.00014 clearly contemplates only appeals from criminal cases originating from Municipal Courts of record. *See* Tex. Gov't Code § 30.00014(a).

Mr. Wrencher has failed to comply with the Texas Rules of Appellate Procedure.

Filed of Record

At 10:08 o'clock A.M.

Day of JUN 12 2015 201

Dana DeBeauvoir

County Clerk, Travis County, Texas

It is THEREFORE ORDERED that this matter is dismissed for want of

jurisdiction and for failure to comply with the Texas Rules of Appellate Procedure.

The State's Motion to Strike the Jury Trial Setting of June 15, 2015 is GRANTED.

**SIGNED:** June 12, 2015.

Carlos H. Barrera
Presiding Judge
County Court at Law No. 8
Travis County, Texas

CAUSE NO C-1-CR-14-100040

| | | |
|---|---|---|
| Vincent Wrencher, Sr. | § | IN THE COUNTY COURT # 8 |
| Plaintiff, | § | |
| | § | |
| VS | § | TRAVIS COUNTY |
| | § | |
| | § | |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |
| Defendant | § | |

### NOTICE OF APPEAL OF MOTION FOR NEW TRIAL

Plaintiff Vincent Wrencher desires to appeal from the denial of a Motion For New Trial on June 16, 2015 of the administrative hearing officer of the Austin Travis County Animal services Department on March 28, 2014.   This appeal is taken to Third Court of Appeals at Austin, Texas.

Respectfully submitted,

*signature*

Vincent Wrencher Sr., Pro se
1117 Briargate
Austin, Texas 78753
512-773-2777

## CERTICATE OF SERVICE

On July 10, 2015, a copy of Notice of Appeal of Motion For New Trial, was served, in compliance with Texas Rules of appellate Procedure 9.5 and 25.2(e), on the following in the manner listed below

Ingrid Ellerbee and/or
Annalynn Cox                              *Via Regular Mail*
Travis County Attorney's Office
PO Box 1748

F-1

RECEIVED
JUL 1 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE



**FROM:**

Vincent Wrench
1117 Briargate
Austin, TX 78753

**TO:**

~~Phys~~ Physical Address
Third Court of Appeals
Price Daniel Sr. Building
209 West 14th St., Rm 101
Austin, TX 78701

Mailing Address
Third Court of Appeals
PO Box 12547
Austin, TX 78711